IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS AIKENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10-cv-875 |
| PACIFIC WEBWORKS, INC., | ) From the Circuit Court of Jackson County, ) Missouri, Case No. 1016-CV21599 |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the Western District of Missouri, Kansas City Division

And

William G. Crowe
Law Offices of Bill Crowe, MBA, JD, LC
3259 East Sunshine, Suite 1
Springfield, Missouri 65804
Attorney for Plaintiff

Defendant Pacific Webworks, Inc. ("Webworks") hereby removes the above-captioned action from the Circuit Court of Jackson County, Missouri, Sixteenth Judicial Circuit at Kansas City, Case No. 1016-CV21599, pursuant to 28 U.S.C. § 1453(b) and 28 U.S.C. § 1446(a), to the United States District Court for the Western District of Missouri, Kansas City Division. In support of its removal, Webworks states as follows:

1. Plaintiff Thomas Aikens filed his Class Action Complaint in the Circuit Court of Jackson County, Missouri, Sixteenth Judicial Circuit at Kansas City, on or about July 10, 2010 (a copy of the state court file is appended hereto as Exhibit A). The Class Action Complaint was served on Webworks on August 10, 2010 (a copy of the

Acceptance of Service is appended hereto as Exhibit B). No other pleadings have been filed or otherwise received by Webworks.

2. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty days of Webworks' receipt of the Complaint.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff Thomas Aikens is a Missouri resident. (Pl.'s Compl. ¶ 1.) Webworks is a corporation organized under the laws of the State of Nevada. (*Id.* ¶ 2.) Webworks is headquartered in Salt Lake City, Utah. (*Id.*) Therefore, diversity of citizenship exists between Mr. Aikens and Webworks, and the diversity requirement is met under the Class Action Fairness Act, as defined under 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

4. Plaintiff, Thomas Aikens, seeks damages on behalf of himself and "a Class of similarly situated individuals," defined as "[a]ll Missouri residents who submitted payment information to Pacific Webworks for the purpose of obtaining Pacific Webworks's products or services, and who were charged any amount other than the stated shipping and handling or discounted fee." (Compl. ¶ 43.)

5. Plaintiff's complaint does not allege an amount in controversy; it specifically disclaims doing so. The complaint states that the "Plaintiff makes no specific allegation that the amount in controversy (including requests for attorney's fees, injunctive relief, etc.) exceeds any specific amount. Specifically, Plaintiff makes no allegations that the amount in controversy exceeds $5,000,000." (Compl. ¶ 42.)

- 2 -

Case 4:10-cv-00875-HFS   Document 1   Filed 09/08/10   Page 2 of 11

6. "Regardless of whether a complaint alleges an amount below the jurisdictional minimum," "a party seeking to remove under [the Class Action Fairness Act] must establish the amount in controversy by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).

7. The Class Action Fairness Act provides for federal court jurisdiction over class action suits when the "amount in *controversy*" exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2) (emphasis added). In petitioning this Court for removal, Webworks in no way concedes the truth of the allegations in the Complaint, admits liability, or concedes that Plaintiff or members of the class would be entitled to recover any or all of the amounts claimed. (*See* Declaration of Christian Larsen ("Larsen Decl.") ¶ 3 (appended hereto as Exhibit C).) Such an admission is not required. "The pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted). In calculating the amount in controversy, Webworks relies on the allegations in the Complaint and assumes their truth for the purposes of this Notice of Removal only. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985-86 (7th Cir. 2008); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (holding that defendant "did not have to confess liability in order to show that the controversy exceeds the threshold…. [P]art of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands…. The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.") Thus, without admitting liability or damages, Webworks

- 3 -

Case 4:10-cv-00875-HFS   Document 1   Filed 09/08/10   Page 3 of 11

respectfully submits that the amount in controversy in this case exceeds the $5 million threshold for federal jurisdiction.

8. Plaintiff seeks each of the following five categories of damages, which must be considered for the purposes of determining the amount in controversy: (1) general damages, which requires an examination of purportedly unauthorized charges to the credit and debit cards of the prospective class; (2) punitive damages; (3) attorneys' fees; (4) "civil penalties"; and (5) injunctive relief, which would affect Webworks' prospective operations. (Compl. at 24.)

General Damages:

9. Plaintiff seeks compensation for potential class members, who would potentially include all WebWorks' customers residing in Missouri. (Compl. ¶¶ 43-44.) Under the first cause of action for violation of the Missouri Merchandising Practices Act, Plaintiff seeks actual and compensatory damages for Webworks' alleged "practice of charging consumers credit cards without authorization." (Compl. ¶¶ 52, 61). Under the second cause of action for Fraud in the Inducement, Plaintiff seeks damages for WebWorks' alleged practice of charging "monies beyond what [Plaintiff and Classes] authorized." (Compl. ¶¶ 76, 81.) Under the third cause of action, Plaintiff seeks damages for an alleged Conspiracy to Commit Fraud in the Inducement. (Comp. ¶ 88.) Under the fourth cause of action, Plaintiff claims WebWorks breached a contract with Plaintiff and potential class members by adding "additional undisclosed charges on the credit/debit cards of Plaintiff and the members of the" class. (Compl. ¶ 91.) Under the

Fifth Cause of Action, Plaintiff seeks restitution of "charges placed on their credit card bills by Pacific Webworks." (Compl. ¶¶ 96, 100.)

10. To determine the amount in controversy for these claims, the Court must consider charges on accounts of Missouri customers from April 2007 to the present. (Larsen Decl. ¶ 5.) According to the allegations of the complaint, Mr. Thomas Aikens was charged an additional $79.90 per month for which he seeks restitution. (Compl. ¶ 38.) In addition to this $79.90 monthly charge, the Complaint alleges that customers also may be charged an additional $24.90 per month for an additional product. (Compl. ¶¶ 30-31.)

11. For the period from January 2007 to the present, WebWorks had 16,409 customers who reside in Missouri. (Larsen Decl. ¶ 6). All or substantially all of those customers pay WebWorks by credit or debit card. (Larsen Decl. ¶ 7). Assuming the accuracy of the allegations in the Complaint, and further assuming that each customer was charged only a single monthly charge totaling $104.80, the damages claim alone would place in controversy the amount of $1,719,663.20. If one assumes that customers were charged recurring monthly charges as Plaintiff alleges (Compl. ¶¶ 29-30), the amount in controversy would increase by a multiple of that amount.

Punitive Damages:

12. Plaintiff also seeks punitive damages. Punitive damages may also be used to calculate the amount in controversy. *See Crawford v. F. Hoffman-La Rouche, Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001); *see also Roe v. Michelin North America, Inc.*, --- F.3d ---, 2010 WL 3033802 * 4 (11th Cir., August 5, 2010) (stating that courts must protect

the right of removal even where there may be no recovery of compensatory damages and recognizing that even suits involving only punitive damages can be removed). Although no particular ratio of punitive to compensatory damages is easily identifiable, the Supreme Court has instructed that double, treble, and quadruple damages have been sanctioned. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Assuming that punitive damages are appropriate here as alleged by the Plaintiff, a 2:1 ratio would impose a punitive damages award of $3,439,326.40 (at 3:1, punitive damages alone would be $5,158,989.60). In *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 933 (8th Cir. 2004), the Eight Circuit Court of Appeals upheld a 2:1 ratio of punitive damages to compensatory damages. But in cases where egregious conduct results in minimal economic damages, it is possible for even higher ratios to be sought. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Here, Plaintiff alleges that the amount of damages claimed by each member of the putative class is low (Compl. ¶ 48), and almost certainly will ask for punitive damages in excess of a 2:1 ratio. Such a likely request obviously places the amount in controversy well above $5 million.

Attorneys' Fees:

13. Plaintiff also seeks recovery of attorneys' fees. (Compl. ¶¶ 91, 97, 103, 109.) Plaintiff's first claim is brought under Missouri's Merchandising Practices Act, codified at R.S.Mo. § 407.010, et seq. It provides that a court "may award to the prevailing party attorney's fees." *Id.* § 407.025.1. Where an award of attorneys' fees is provided by statute, such fees should be included in the amount in controversy calculation. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005).

- 6 -

14. The Plaintiff has retained a purportedly experienced class action firm, Edelson McGuire, LLC, to bring suit on behalf of the putative class. (*See* Compl. ¶ 47). The average attorney fee award in class action cases in the federal courts, as determined by a Federal Judicial Center survey, is 29 percent of the total recovery. *See* Gregory G. Wrobel & Michael J. Waters, "Early Returns: Impact of the Class Action Fairness Act on Federal Jurisdiction Over State Law Class Actions," 21-FALL Antitrust 45, 50 (Fall 2006). Plaintiff's request for attorneys' fees therefore places in controversy an additional amount of $1,496,106.98 (29% of compensatory plus punitive damages).

15. As shown above, Plaintiffs' claims for general damages, punitive damages, and attorneys' fees, by themselves, place the amount in controversy well in excess of $5 million.

Civil Penalties:

16. In the prayer for relief, Plaintiff requests that the Court award "civil penalties and/or punitive damages for violations of the above-cited statutes and law." (Compl. at 24.) Plaintiff's first cause of action is based on the Missouri Merchandising Act which provides for a civil penalty of up to $1,000 per violation. R.S.Mo. § 407.100 (2009). Assuming that the putative class consists of all or substantially all of WebWorks' customers in Missouri (approximately 16,409 individuals), and assuming Plaintiff is successful and the court levies a civil penalty of even $500 per member of the class, such a penalty would alone place in controversy the amount of $8,204,500.

Injunctive Relief:

17. Plaintiff seeks an order "permanently enjoining Defendants from continuing to engage in unfair and unlawful conduct." (Compl. ¶ 61.) Although Webworks disputes any implication that its conduct is illegal, the injunctive relief sought apparently seeks to close down Webworks' entire business operation. (*See generally* Compl.) By requesting injunctive relief, Plaintiff is essentially asking the Court to order the Defendant to stop all business operations in the State of Missouri. Because its business operations are web-based, it would be difficult if not impossible to limit its business to non-Missouri residents. For that reason, a successful injunction would potentially result in the closure of WebWorks' national and international operations, which would cause damages well in excess of $5 million. (Larsen Decl. ¶ 8.)

Total Amount in Controversy:

18. As demonstrated above, the amount in controversy in this case exceeds $5,000,000 exclusive of interest and costs.

| **Category Requested** | **Amount in Controversy** |
| --- | ---: |
| Compensatory Damages | $ 1,719,663.20 |
| Punitive Damages | $ 3,439,326.40 |
| Attorneys' Fees | $ 1,496,106.98 |
| Civil Penalties | $ 8,204,500.00 |
| Total | $ 14,859,596.58 |

19. Consequently, the case may be removed to this Court by Webworks pursuant to the provisions of 28 U.S.C. § 1446. A preponderance of the evidence demonstrates that the named plaintiff in this proposed class action "is a citizen of a State

different from any defendant" and the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

20. A copy of this Notice of Removal is being served upon Plaintiff through his attorneys of record, and filed with the Clerk of the Circuit Court of Jackson County, Missouri, Sixteenth Judicial Circuit at Kansas City, as provided by 28 U.S.C. § 1446(d).

21. Copies of all pleadings and orders served upon the removing Defendant in state court have been attached as exhibits hereto, pursuant to 28 U.S.C. § 1446(a).

WHEREFORE, Webworks prays that the above-entitled action by removed to the United States District Court for the Western District of Missouri, Kansas City Division.

DATED this 8TH day of September, 2010.

          ARMSTRONG TEASDALE LLP

          BY: *s/ Darren K. Sharp*
              Edward R. Spalty      #26086
              Darren K. Sharp       #50841
              2345 Grand Blvd., Suite 2000
              Kansas City, Missouri 64108
              (816-221-3420
              (816) 221-0786 (facsimile)
              dsharp@armstrongteasdale.com
              espalty@armstrongteasdale.com

          And

              Snell & Wilmer LLP
              Robert E. Mansfield
              (*pro hac vice* to be filed)
              15 West South Temple St., Ste. 1200
              Salta Lake City, Utah 84101
              (801) 257-1975
              (801) 257-1800 (facsimile)

          ATTORNEYS FOR DEFENDANT
          PACIFIC WEBWORKS, INC.

## CERTIFICATE OF SERVICE

   I hereby certify that on this 8TH day of September, 2010, I filed the foregoing NOTICE OF REMOVAL electronically through the CM/ECF system, and served this Notice on the following counsel of record via United States mail, postage prepaid:

Will Haselden
Christopher Dore
Edelson McGuire, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
whaselden@kamberedelson.com
cdore@kamberedelson.com

And

William G. Crowe
Law Offices of Bill Crowe, MBA, JD, LC
3259 East Sunshine, Suite 1
Springfield, Missouri 65804
Wcrowe1415@gmail.com

**Attorneys for Plaintiff**


                  *s/ Darren K. Sharp*
                  Attorney for Defendant